An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-635

Filed 1 July 2026

Cabarrus County, No. 20CR050231-120

STATE OF NORTH CAROLINA

v.

DONALD WAYNE PERRY, JR., Defendant.

Appeal by defendant from judgment entered 20 March 2024 by Judge William A. Long Jr., in Cabarrus County Superior Court. Heard in the Court of Appeals 19 November 2024.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Colin Justice, for the State*
>
> *Joseph L. Ledford for defendant-appellant.*

PER CURIAM.

Defendant Donald W. Perry, Jr., pleaded guilty to driving while subject to an impairing substance ("DWI") in superior court while preserving his right to appeal the denial of his motion to suppress. On appeal, Defendant requests this Court hold the trial court erred in denying Defendant's motion to suppress and that his criminal

judgment be overturned.[1]

In an opinion that has since been withdrawn, we dismissed Defendant's appeal as the record failed to demonstrate the superior court had subject matter jurisdiction to try him. Defendant, thereafter, moved that the opinion be withdrawn and that he be allowed to supplement the record to show the matter had, indeed, been in the district court. We allowed the motion, and Defendant has supplemented the record.

The record shows Defendant was convicted in superior court by a guilty plea and sentenced at Level III, to a minimum term of six months and a maximum term of six months, suspended for a period of twelve months of supervised probation.

On appeal, Defendant argues his motion to suppress should have been allowed, contending the officer did not have reasonable suspicion to stop Defendant's vehicle.

Here, the State argues and the trial court found that the officer had reasonable suspicion to stop Defendant's vehicle based on his belief that the windows were tinted beyond what is allowed by law. *See* N.C.G.S. § 20-127(b)(1) (providing, in pertinent part, that "[t]he total light transmission of the tinted window shall be at least thirty-five percent (35%)"). The record demonstrates Defendant's windows were tinted at 36%, just within the legal limit.

Though there is no evidence to show Defendant was, in fact, in violation of G.S.

---

[1] We note that neither the State nor Defendant challenge the trial court's ultimate finding that the officer involved initiated a stop in the context of the Fourth Amendment. We, therefore, do not address this issue on appeal.

20-127, based on the uncontradicted evidence and findings of the trial court, we hold the trial court did not err by concluding the officer had reasonable suspicion Defendant was driving a vehicle with windows tinted in violation of G.S. 20-127. Whatever the officer's subjective reasons for the stop is irrelevant, so long as the officer had an objectively reasonable basis to initiate the stop.

AFFIRMED.

Panel consisting of Chief Judge DILLON and Judges HAMPSON and CARPENTER.

Report per Rule 30(e).